# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARK ONDRICK, II,  )
        Plaintiff,  )
)
v.  )   Case No. CV414-160
)
STATE OF GEORGIA,  )
        Defendant.  )

## ORDER

Mark Ondrick II, proceeding *pro se*, has filed three 42 U.S.C. § 1983 lawsuits. Like his other two cases, this one appears to be based on his state court guilty plea and conviction for criminal trespass. *See* doc. 1 at 2-3 (complaining, *inter alia*, that he "never got appeal!"); attached state court record. He also moves for leave to proceed *in forma pauperis* (IFP). Doc. 2. Located at the address that he provides (doc. 1 at 5) is a 5-bedroom, 4-bathroom home (*see* attached print-out), yet on an IFP form that he's left largely blank, he claims to be completely penniless. Doc 2. at 1-2.

Of course, the obvious question must be posed to this convicted criminal: How exactly does he live? Courts have inquired:

> In an effort to prevent fraud, courts required the supporting affidavit to state facts concerning the plaintiff's poverty with some level of "particularity, definiteness, and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (per curiam). Courts also retained the authority to deny IFP status if a plaintiff deliberately failed to report available assets. *See, e.g., Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517-19 (11th Cir. 1991) (affirming the lower court's denial of IFP status because it appeared that the applicant had access to an unknown amount of money either through his family, his extortion activities, or his legal work on behalf of fellow inmates). *But see Acevedo v. Reid*, 653 F. Supp. 347, 348-49 (S.D.N.Y. 1986) (excusing an inmate's failure to report his veterans' benefits and prison salary on his application for IFP status where (1) there was no evidence that he had acted in bad faith, and (2) he would have been eligible for IFP status even if those assets were taken into account). Similarly, courts could deny IFP status if they found that an applicant had intentionally depleted his resources in order to qualify for a fee waiver. *See, e.g., Collier v. Tatum*, 722 F.2d 653, 655 (11th Cir. 1983) (authorizing the lower court to examine the plaintiff's financial dealings during the time period immediately preceding the filing of the suit to determine whether he had intentionally shifted or wasted assets that he otherwise could have used to finance the action).

Julia Colarusso, *Out of Jail ... But Still Not Free to Litigate? Using Congressional Intent to Interpret 28 U.S.C. § 1915(b)'s Application to Released Prisoners*, 58 AM. U. L. REV. 1533, 1566 n. 41 (2009).

It undeniably costs money to live, but Ondrick declares "under penalty of perjury" that he has *zero* assets of any kind. Doc. 2 at 1-2. The Court doubts the credibility of that statement. Wary of such

2

indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, CV412-292, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).[2]

To that end, it tolerates no lies. *Ross v. Fogam*, CV411-114, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal,

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

[2] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

3

chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, CV411-127, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").[3]

Given the totality of the circumstances, it will do likewise here.[4]

---

3  Furthermore, liars are prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

4  Three important points must be underscored here:

First, proceeding [IFP] in a civil case is a *privilege* or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. §

4

Therefore, within 14 days from the date of this Order, Ondrick shall disclose to the Court the following information:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

---

1915 and stating the decision of whether to grant or deny [IFP] status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at * 1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he had no room and board expenses, owned a car, and spent the $250.00 earned each month selling plasma on completely discretionary items).

*Lafontaine* also extended to non-prisoner IFP movants a pay-to-play, installment payment plan analogous to what Congress imposed upon prisoners under its Prison Litigation Reform Act (PLRA), which is expressed in statutory provisions like § 1915 (a)(1), (b)(1)(2). *Lafontaine*, 2013 WL 4048571 at * 2; *see also Kelner v. Harvin*, 2010 WL 2817262 at * 1 n. 5 (D. Kan. July 16, 2010) ("It has been held that the exhaustion, full/initial partial payment, and three-strikes provisions of the current [IFP] statutes do not apply to in [IFP] litigants who are not prisoners. Nevertheless, several courts including the Tenth Circuit have applied this subsection which does not refer to prisoners, to suits brought by non prisoners."). The Court is considering likewise here, since cost-free litigation too easily enables recreational if not nuisance litigation. That further necessitates more detailed financial data from the plaintiff.

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether he has any credit or debit cards;

(6) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether he anticipates any future income within the next year.

(8) A list of any other cases (beyond those noted here) showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

(9) Any other source of financial support (friends, relatives, etc).

Answering these points will better illuminate Ondrick's true financial condition. In that regard, he must again declare the facts he pleads to be true under penalty of perjury.[5] If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk

---

5 He has done so on his Financial Affidavit. Doc. 2 at 2.

is **DIRECTED** to serve with this Order a blank IFP form for Ondrick's convenience. In his response to this Order he must reproduce each enumerated item above and legibly write (or type) his *complete* answer directly after it. Failure to comply with this directive will result in a recommendation of dismissal. *Kareem v. Home Source Rental*, 2014 WL 106632 at *1 (S.D. Ga. Jan. 9, 2014) (advising dismissal for non-compliance in similar IFP-information case), *adopted*, 2014 WL 2700632 (S.D. Ga. Jun 13, 2014).

**SO ORDERED**, this 13th day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



### CHATHAM COUNTY, GA
### Eastern Judicial Circuit of Georgia

Home   Juvenile Court   Magistrate Court   Probate Court   Recorder's Court   State Court   Superior Court   Court Forms   Court Fees

August 11, 2014    Location: Case Details    Search...

- CASE LOOKUP
- COURT FORMS
- COURT FEES
- MAP & DIRECTIONS
- JURY SERVICES
- SITE SEARCH

## Case Details

**State VS. ONDRICK, MARK II**

- Case Events
- Charges
- Parties
- Proceedings

### Case Information
| | |
|---|---|
| Court: | State |
| Case Number: | R142443 |
| Case Type: | CRIMINAL - STATE COURT |
| Judge: | HONORABLE GREGORY SAPP |
| Assistant District Attorney: | VANDANA MURTY |
| Date Filed: | 4/30/2014 |
| Status: | CLOSED - GUILTY PLEA(N) |
| Disposition Date: | 6/30/2014 |
| Disposition: | GUILTY PLEA(N) |

### Defendant Information
| | |
|---|---|
| Name: | ONDRICK, MARK II |
| DIN: | P1003353 |
| Gender: | MALE |
| Race: | WHITE |
| Height: | 71 |
| Weight: | 180 |
| Eyes: | BROWN |
| Hair: | BROWN |

**Fines & Payments**

### Attorney Information
DONDRA Suzanne O NEAL
24 Commerce Place Suite A
Savannah, GA
31406

### Bondsman Information
N/A

### Case Events
| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 6/30/2014 | 09:00AM | JURY TRIAL | GREGORY SAPP | CANCELLED EVENT - CL |
| 6/27/2014 | 09:00AM | ARRAIGNMENT | GREGORY SAPP | CANCELLED EVENT - CL |

[Return to Top]

### Charges
| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-7-21 | CRIMINAL TRESPASS | 1 | MISDEMEANOR | 3/9/2014 9:24:40 PM | G |

| Sentencing Details: | Description | Fine | Duration |
|---|---|---|---|
| | Prison | $0.00 | 30 Days-PRISON |
| | You are banished from 502 W. BAY STREET | $0.00 | -OTHER |
| | Credit Time Served NO NEW ARRESTS | $0.00 | -OTHER |

[Return to Top]

### Proceedings
| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 6/30/2014 | | CASE DISPOSED | GUILTY PLEA NEGOTIATED | GREGORY SAPP | CASE DISPOSED GN |
| 6/30/2014 | | CASE DISPOSED | | | SENTENCING ORDER, PLEA, PLEA WORKSHEET |
| 6/30/2014 | 09:00AM | JURY TRIAL | CANCELLED EVENT - CL | GREGORY SAPP | ARRAIGNMENT MATTER |
| 6/27/2014 | 09:00AM | ARRAIGNMENT | CANCELLED EVENT - CL | GREGORY SAPP | (JAIL) |
| 6/12/2014 | | ACCUSATION FILED - ENTERED | | | |
| 5/2/2014 | | SCANNED INITIAL CASE FILING (SCA) | | | |
| 5/1/2014 11:26:37 AM | | SCREENING | | GREGORY SAPP | INITIAL CASE SCREENING |
| 4/2/2014 | | COMMITMENT DATE | | | TO STATE COURT |
| 3/9/2014 | | BOOKING | | | |

| Homes | Rentals | Mortgages | Agents | Advice | Local | Home Design | More ▾ | My Zillow (88) ▾ | ? |

[ Correct home facts ] [ Save ] [ Hide ] [ Report Home ] [ Get updates ] [▾]

Georgia  Richmond Hill  31324  460 River Bend Rd                                                                Views: 169



View larger

### Get a professional estimate



**Teresa Cowart** — PREMIER AGENT
(9)
☑ 58 Recent sales
(912) 480-0867

**The Darcy Lyn Team** — PREMIER AGENT
(3)
☐ 2 Recent sales
(904) 469-0711

**Kacey Howard** — PREMIER AGENT
(4)
☐ 5 Recent sales
(912) 208-2518

Your Name

Phone

chris_desmond@juno.com

I own this home and would like a professional estimate at 460 River Bend Rd, Richmond Hill, GA 31324.

[ Contact Agent ]

Learn how to appear as the agent above

# 460 River Bend Rd, Richmond Hill, GA 31324

460 River Bend $1,250,000 Richmond Hill, GA 5 Beds / 4.5 Baths This spectacular deepwater home located on the Ogeechee River is perfect for an active family, active boaters and sportsmen, car and vintage boat collectors, and couples seeking a private relaxing oasis. With sweeping river views from nearly every room this gracious family home features all the attributes of waterfront living. Light-filled living

## Off Market

Zestimate®: $259,854
Rent Zestimate®: $1,801/mo
Get updates

**Est. Refi Payment:**
## $1,003/mo ☐
See current rates on Zillow
Get your Free Equifax Credit Score!

spaces open to fabulous outdoor deck, an inviting in-ground pool and lovely manicured…

▾ More

## Facts

Other

▾ More    See data sources

## Home Values

Add owner estimate

Zestimate
**$259,854**
-$1,445  Last 30d

Zestimate range
$218K — $330K

Rent Zestimate
**$1,801/mo**
+$26  Last 30d

Zestimate range
$1.5K — $2.2K

Zestimate | Rent Zestimate | more ▾       1 year | 5 years | **10 years**

- This home —
- 31324 —
- Richmond Hill —

Chart y-axis: $100k, $200k, $300k, $400k, $500k, $600k, $700k, $800k, $900k, $1.0m, $1.1m, $1.2m
Chart x-axis: Dec 2005, Dec 2007, Dec 2009, Dec 2011, Dec 2013

simplehuman Rectangular Step …
$99.99

simplehuman Wide Step Rectangular …
$149.99 $115.99

### Similar Homes for Sale

**2905 River Oaks Dr, Ric…**
For Sale: $279,900
Beds: 3    Sqft: 1620
Baths: 2.0    Lot: --

**702 River Oaks Dr, Rich…**
For Sale: $290,000
Beds: 3    Sqft: 2408
Baths: 2.0    Lot: --

**2707 River Oaks Dr, Ric…**
For Sale: $260,000
Beds: 3    Sqft: 1620
Baths: 2.0    Lot: --

See listings near 460 River Bend Rd

Zillow Digs™
Ideas. Inspiration. Estimates.